UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BRANDEN SCOTT HIGAR,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICA'S FINANCIAL CHOICE, INC.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:17-cv-02295<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes BRANDEN SCOTT HIGAR ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of AMERICA'S FINANCIAL CHOICE, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

4. Plaintiff is a "person," as defined by 47 U.S.C. §153(39), residing at 501 Sturgis Drive, Niantic, Illinois, which lies within the Central District of Illinois.

5. Defendant is a payday lender "serving the short-term financial needs" of Illinois residents.[1] Defendant is a corporation organized under the laws of the state of Illinois with its principal place of business located at 2 Madison Street, Floor 2, Oak Park, Illinois. Defendant's registered agent is Bruce H. Balonick whose address is 161 North Clark Street, Suite 4200, Chicago, Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In 2016, Plaintiff took out a payday loan ("subject loan") from Defendant.

9. After taking out the subject loan, Plaintiff was unable to keep up with payments due to financial hardship.

10. Shortly after Plaintiff fell behind on payments in early-mid 2016, Plaintiff began receiving calls to his cellular phone, (217) XXX-1213, from Defendant.

---

[1] https://www.afchoice.com/

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 1213.  Plaintiff was and always had been financially responsible for the cellular phone and its services.

12. Defendant mainly used the phone number (217) 876-0123 when placing calls to Plaintiff, but upon belief, it may have used other numbers as well.

13. Upon information and belief, Defendant regularly utilizes the above referenced phone number ending in 0123 during its debt collection activities.

14. When Plaintiff answered calls from Defendant, Plaintiff experienced a noticeable pause, lasting several seconds in length, before a live representative began to speak.

15. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon the subject loan.

16. In addition to receiving incessant calls from Defendant, Plaintiff also began receiving text messages and Facebook messages from Defendant's representatives seeking collection of the subject loan.

17. Defendant's representative suggested in these messages that she was prohibited from contacting Plaintiff via Facebook, yet she did so anyway.

18. Aggravated by the ceaseless nature of Defendant's collection attempts, Plaintiff demanded that Defendant stop calling his cellular phone.

19. Plaintiff reiterated these demands on several occasions.

20. Despite Plaintiff's demands, Defendant continued to persistently call his cellular phone up until approximately May 2017.

21. Plaintiff has received not less than 30 calls from Defendant since asking it to stop contacting him.

22. Around May 2017, Defendant's persistent and oppressive collection efforts forced Plaintiff to change his cell phone number in order to specifically address Defendant's conduct.

23. By changing phone numbers, Plaintiff incurred costs, causing him financial loss.

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The noticeable pause, lasting several seconds in length, which Plaintiff experienced during answered calls from Defendant is instructive that an ATDS is being utilized to

generate the phone calls. Additionally, the nature and frequency of Defendant's contacts further suggests Defendant used an ATDS when calling Plaintiff.

30. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's several demands that it cease contacting him.

31. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, BRANDEN SCOTT HIGAR respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

35. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

36. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

37. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to repeatedly contact Plaintiff through means of an ATDS when he demanded that it stop calling him. Defendant ignored Plaintiff's demands and continued to systematically place calls and text messages to his cellular phone without his consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

38. Defendant further engaged in unfair and deceptive conduct by sending Facebook messages to Plaintiff seeking collection of the subject loan. Defendant's representative suggested in these messages that she was prohibited from contacting Plaintiff via Facebook, yet she did so anyway in an unfair attempt to put additional pressure on Plaintiff and further compel him to make payment.

39. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper."  815 ILCS 505/10a.

41. As pled in paragraphs 21 through 26, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices, including costs associated with changing his cellular phone number. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

42. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts on numerous occasions.  Defendant was notified by Plaintiff that he did not wish to receive any more phone calls and that Defendant cease contacting him.  Yet, Plaintiff was still bombarded with collection phone calls, text messages, and Facebook messages from Defendant. The onslaught of phone calls and other collection efforts was an attempt by Defendant to harass Plaintiff into submission. After the conversation in which Plaintiff notified Defendant that that he did not wish to be contacted, Defendant had more than enough information to know that it should not continue calling and/or messaging him.  Defendant, in defiance of the law, falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, BRANDEN SCOTT HIGAR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

7

    b.  Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

    c.  Awarding Plaintiff costs and reasonable attorney fees;

    d.  Enjoining Defendant from further contacting Plaintiff; and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 29, 2017                         Respectfully submitted,

                                                      s/ Nathan C. Volheim
                                                      Nathan C. Volheim, Esq. #6302103
                                                      Counsel for Plaintiff
                                                      Admitted in the Central District of Illinois
                                                      Sulaiman Law Group, Ltd.
                                                      2500 South Highland Ave., Suite 200
                                                      Lombard, Illinois 60148
                                                      (630) 568-3056 (phone)
                                                      (630) 575-8188 (fax)
                                                      nvolheim@sulaimanlaw.com